# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JERRY A. SIMONSEN, JR., | ) |
| Plaintiff, | ) Case No. 13-CV-635-JED-FHM |
| v. | ) |
| McCLINTON ENERGY GROUP, LLC, | ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court are the First and Second Motions in Limine (Doc. 26, 45) filed by the defendant, McClinton Energy Group, LLC (MCCEG). The background facts are summarized in the Court's Opinion and Order (Doc. 60) on summary judgment. The issues presented by the Motions are discussed in turn below.

## I. "Matters Relating to Alleged Ethical and Professional Differences"

MCCEG requests that the Court enter a pretrial ruling to prohibit plaintiff and his counsel and witnesses from "directly or indirectly using in any way throughout the course of this trial any evidence regarding Plaintiff's allegations that there were ethical and professional differences between Plaintiff and Defendant." (Doc. 26 at 1). MCCEG argues that such evidence is irrelevant and unduly prejudicial. MCCEG attached excerpts of plaintiff's deposition testimony in which plaintiff asserts that his constructive discharge claim is, in part, premised upon alleged ethical and professional differences, including the following: (1) "ethical differences that spanned from a mistreatment of employees that was unfair and unjust in [plaintiff's] eyes," which included the "treatment of" plaintiff, Glen Wolford, Terry Wheaton, Chris Barber, Beat Rychener, and Jason Martin; (2) plaintiff did not agree with "portions of the way that the company was ran [sic] financially"; (3) "patent infringement"; and (4) "[i]nstructions to finance

people to cook the books to make a deal look better." (*Id.* at 3 [Depo. pp. 116]). Plaintiff testified that, notwithstanding those alleged issues, he did not start looking for other employment until his salary was reduced from $185,000 to $100,000. (*Id.* at 5-8 [Depo. pp. 121-124]).

The Court previously granted, in part, MCCEG's motions for summary judgment, and the only claims that remain are claims for breach of contract relating to a signing bonus and base salary. (*See* Doc. 60). The alleged mistreatment of other MCCEG employees, disagreements with the financial operations of MCCEG, lawsuits relating to alleged patent infringement, and alleged accounting problems are irrelevant to the specific issues presented by plaintiff's remaining breach of contract claims. Accordingly, the Court finds that such allegations / evidence should be excluded. *See* Fed. R. Evid. 402. Even if such assertions were relevant to any of the remaining claims, any probative value of such evidence would be substantially outweighed by a danger of unfair prejudice or confusion of the issues and would be excludable. Fed. R. Evid. 403. MCCEG's First Motion in Limine (Doc. 26) is accordingly **granted**.

## II. Exclusion of Evidence of Plaintiff's Military Service

MCCEG requests that the Court preclude the plaintiff, his counsel and witnesses from referring to plaintiff's military record or history because such evidence is irrelevant and unduly prejudicial. Plaintiff previously asserted in his summary judgment motion that he "was a decorated war hero serving three tours of duty in Iraq and Afghanistan and a graduate of the West Point Academy." (Doc. 31 at 1). He also cited testimony of Glen Wolford, who stated that plaintiff was hired at Chesapeake (prior to going to work at MCCEG) through Chesapeake's veteran's program. (*Id.*). Plaintiff asserts that such evidence is relevant because his "military experience is an integral component of who [plaintiff] is and forms the foundation for his

credentials to work both at Chesapeake and at [MCCEG]." (Doc. 51 at 1-2). Plaintiff also asserts that such evidence is central to establishing plaintiff's character and credibility. (*Id.* at 5).

Neither party has cited any legal authority that directly relates to whether military experience is relevant in a case like this or is admissible as character evidence. Initially, the Court notes that, to the extent plaintiff argues that such evidence is necessary character evidence, "evidence of truthful character is admissible only after the witness's character for truthfulness has been attacked." Fed. R. Evid. 608(a). As MCCEG argues, it has not attacked plaintiff's character for truthfulness, and plaintiff has presented no evidence that military service necessarily makes a person more credible than a witness who did not serve in the military.

Under the Federal Rules of Evidence, evidence is relevant if it tends to make a fact more or less probable than it would be without the evidence and is of consequence in determining the action. Fed. R. Evid. 401. Here, the issues that remain for the jury involve whether MCCEG breached an employment contract by failing to pay $185,000 in annual salary for the duration of the plaintiff's employment and by failing to timely pay a signing bonus. Plaintiff has provided no explanation of how the plaintiff's military experience is relevant to any of those contract breach or damages issues or how the military experience in any way tends to make a fact of consequence more or less probable. Accordingly, evidence of the military experience is irrelevant to the limited issues that remain for the jury in this case and is inadmissible. Fed. R. Evid. 402. In addition, any arguable probative value is substantially outweighed by the danger of prejudice. Fed. R. Evid. 403. While the parties did not cite any on point authorities, the Court has located one decision in which a district court excluded evidence of a plaintiff's military service in an action for breach of an employment contract. In *Capuano v. Consolid. Graphics, Inc.*, No. 06-C-5924, 2007 WL 2688421 (N.D. Ill. Sept. 7, 2007), the plaintiff brought suit

against his former employer alleging breach of contract and other claims. The court granted a motion in limine to exclude testimony relating to the plaintiff's military service, upon concluding that such evidence was irrelevant to the breach of contract claims and that any probative value was outweighed by substantial prejudice. *Id.* at *6. While that case is not binding on this Court, the issue presented there is similar to that involved in the instant motion in limine. Another district court noted a concern that "the jury will seek to reward plaintiff for his military service to his country and will disregard other evidence in the case." *See McKelvey v. Geren*, No. 07-14538, 2009 WL 3294830 at *1 (E.D. Mich. Oct. 9, 2009). This is not to say that military experience is never relevant in a case. However, the plaintiff has offered no explanation of how plaintiff's military experience has any bearing or tends to make less or more probable any fact of consequence in this case involving limited contract issues.

The Second Motion in Limine (Doc. 45) is thus **granted**.

SO ORDERED this 6th day of November, 2014.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE